IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ANTHONY H. HESSLER, | ) | 2:05-cv-1813-GEB-KJM |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | STATUS (PRETRIAL |
| BNSF RAILWAY COMPANY, a | ) | SCHEDULING) ORDER |
| Delaware corporation, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

In the JSR, the parties requested "45 days . . . to determine if there is any third-party liability." (JSR 1.)  This request is granted; the parties have 45 days from the date this order is filed within which to file a motion that seeks leave to join a party.  However, the parties' request that "a deadline of December 31, 2006" (JSR 1) be set for  amendment of the pleadings is denied because

1

1 it is too imprecise to except the referenced possible amendment from
2 the "good cause" standard, and is not supported by a showing that a
3 pleading amendment deadline should not be imposed now.

4      No further service, joinder of parties, or amendments to
5 pleadings is permitted, except with leave of Court, good cause having
6 been shown.

7 ADDED PARTIES' OPPORTUNITY<br>
<u>TO SEEK AMENDMENT OF THIS ORDER</u>
8

9      Any newly-joined party shall, concurrently with the service
10 of process on said party, be served with a copy of this Order.

11      Any newly-added party has thirty days after said service
12 within which to file a "Notice of Proposed Modification of Status
13 Order." A hearing on the Notice will be scheduled, if necessary.
14 Although a newly-joined party's proposed modification filed within
15 this thirty day period will not have to meet the good cause standard,
16 no further amendments will be permitted except with leave of Court,
17 good cause having been shown.

18 <u>DISCOVERY</u>

19      All discovery shall be completed by March 15, 2007. In this
20 context, "completed" means that all discovery shall have been
21 conducted so that all depositions have been taken and any disputes
22 relative to discovery shall have been resolved by appropriate orders,
23 if necessary, and, where discovery has been ordered, the order has
24 been complied with or, alternatively, the time allowed for such
25 compliance shall have expired.[1]

26 _____

27     [1] The parties are advised that the Magistrate Judges in the
Eastern District are responsible for resolving discovery disputes. <u>See</u>
28 Local Rule 72-302(c)(1). Accordingly, counsel shall direct all
(continued...)

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before October 16, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before November 16, 2006.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be May 14, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

---

[1](...continued)
discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2]    This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1         (2)   The Court committed clear error or the initial decision

2 was manifestly unjust; or

3         (3)   There is an intervening change in controlling law.

4 A motion for reconsideration based on newly discovered evidence shall

5 set forth, in detail, the reason why said evidence could not

6 reasonably have been discovered prior to the filing of the party's

7 motion or opposition papers.  Motions for reconsideration shall comply

8 with Local Rule 78-230(k) in all other respects.

9       The parties are cautioned that an untimely motion

10 characterized as a motion in limine may be summarily denied.  A motion

11 in limine addresses the admissibility of evidence.

12 FINAL PRETRIAL CONFERENCE

13       The final pretrial conference is set for July 16, 2007, at

14 1:30 p.m.  The parties are cautioned that the lead attorney who WILL

15 TRY THE CASE for each party shall attend the final pretrial

16 conference.  In addition, all persons representing themselves and

17 appearing in propria persona must attend the pretrial conference.

18       The parties are warned that non-trialworthy issues could be

19 eliminated sua sponte "[i]f the pretrial conference discloses that no

20 material facts are in dispute and that the undisputed facts entitle

21 one of the parties to judgment as a matter of law." Portsmouth Square

22 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

23       The parties shall file a JOINT pretrial statement with the

24 Court not later than seven (7) days prior to the final pretrial

25 conference.[3]  The joint pretrial statement shall specify the issues

26 _____

27    [3]   The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case

28 does not excuse the other parties from their obligation to timely file
(continued...)

4

for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u> <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

---

[3](...continued)
the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1    If possible, at the time of filing the joint pretrial

2  statement counsel shall also email it in a format compatible with

3  WordPerfect to: geborders@caed.uscourts.gov.

4                              TRIAL SETTING

5          Trial is set for October 23, 2007, commencing at 9:00 a.m.

6                             MISCELLANEOUS

7          The parties are reminded that pursuant to Federal Rule of

8  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

9  **not be modified except by leave of Court upon a showing of good cause.**

10 **Counsel are cautioned that a mere stipulation by itself to change**

11 **dates does not constitute good cause.**

12          IT IS SO ORDERED.

13 Dated:  February 16, 2006

14

15                              /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
16                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28